# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7637 | **DATE** | 12/12/2011 |
| **CASE TITLE** | Gharb vs. Schneider Electric SA | | |

**DOCKET ENTRY TEXT**

Before the Court is Defendant Schneider Electric SA's motion to dismiss [13]. For the reasons below and in accordance with the Court's November 8, 2011 Order in *Gharb v. Rockwell Automation*, 11-cv-405 [220], the motion is granted and the case is dismissed with prejudice.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

**I. Background**

On December 1, 2010, Gharb filed a complaint alleging patent infringement against more than 40 defendants, including Schneider Electric SA ("SESA"), claiming infringement on his patent, U.S. Patent 6,552,654 ("'654"). The '654 patent was approved in 2003 and titled "Security system with a mobile telephone." The patent expired on April 22, 2007 for failure to pay maintenance fees. The complaint was one of several nearly identical complaints that Gharb filed against dozens of companies and individuals.[1]

> [FN1] See *Gharb v. Rockwell Automation*, 11-cv-405 (N.D. Ill. filed Jan. 19, 2011) (Dow, J.) and *Gharb v. Mitsubishi Elec. Automation, Inc.*, 10-cv-7204 (N.D. Ill. filed Nov 8, 2010 (Chang, J.)

On January 5, 2011, Gharb enclosed a Certificate of Service with the Amended Complaint, stating that he "provided service to the person or persons listed above by the following means: pro se." SESA is the only party listed above the statement. Gharb then filed an Amended Complaint on February 8, 2011, and a Summons was issued for SESA on July 20, 2011.

SESA is a holding company incorporated in France with its headquarters and only location in Rueil-Malmaison, France. SESA submits that it does not make, sell, offer for sale, design, research, distribute, market, license, or important any products anywhere in Illinois or anywhere else in the world.

**II. Analysis**

SESA argues that Gharb's complaint should be dismissed because (1) SESA is not subject to personal jurisdiction in Illinois, (2) Gharb failed to show that SESA was properly served, and (3) the complaint fails to state a claim on which relief may be granted.

**STATEMENT**

    **A.    Personal Jurisdiction**

The Court applies the law of the federal circuit to determine whether it has personal jurisdiction over a defendant in a patent case. See *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359 (Fed. Cir. 2001). The Court may exercise personal jurisdiction over a defendant in a patent infringement case if two requirements are met: (1) jurisdiction must exist under Illinois' long-arm statute and (2) jurisdiction must be consistent with the limitations of the due process clause. See *Trintec Indus. Inc. v. Pedre Promotional Prod. Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005). The Illinois long-arm statute is coextensive with federal due process requirements and therefore the two-step inquiry collapse into one—whether the exercise of personal jurisdiction over the defendants comports with constitutional due process. *Trading Technologies Inter. Inc. v. BCG Partners, Inc.*, 2011 WL 1220013, at *2 (N.D. Ill. Mar 28, 2001).

To determine whether jurisdiction is proper, the court looks to whether the defendant has "minimum contacts" with the forum "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Under the "minimum contacts" test, a defendant may be subject to either general or specific jurisdiction. *LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2009). For general jurisdiction, a defendant must have "continuous and systematic" contacts with the forum. See *Helicopteros Nacionales de Colimbia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). For specific jurisdiction, the Federal Circuit has established a three-prong test: (1) whether the defendant purposely directed its activities at the residents of the forum; (2) whether the claim arises out of or is related to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair. *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307-08 (Fed. Cir. 1999).

Here, Defendant argues that the Court does not have general or specific jurisdiction. The Court agrees. Plaintiff "bears the burden of demonstrating personal jurisdiction." *Central States, Southeast and Southwest Area Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000). Gharb has not alleged any—let alone "continuous and systematic"—contacts between the Defendant and Illinois. See *Helicopteros Nacionales*, 466 U.S. 408, 415-16. Moreover, Gharb's complaint makes no allegations that specific jurisdiction exists. SESA is a foreign company that does not conduct any business in Illinois. It has no offices, employees or representatives in Illinois, and it has no real property or bank accounts in Illinois. Gharb fails to allege—and the Court does not find—any activity of SESA that satisfies the three-prong specific jurisdiction test. "Because there are no allegations of [the defendant's] contacts with Illinois . . .the amended complaint fails to adequately allege personal jurisdiction over [the defendant]." *Research Resources, Inc. v. Dawn Food Prods., Inc.*, 2001 WL 1223556, *4 (N.D. Ill. Oct, 11, 2001). Accordingly, the Court does not have personal jurisdiction over SESA.

    **B.    Improper Service**

Defendant argues that Gharb failed to show that he properly served SESA or any of the other defendants listed in the case heading. Gharb enclose a Certificate of Service with the Amended Complaint, stating that on January 5, 2011, he "provided service to the person or persons listed above by the following means: pro se." The only party listed above that statement was SESA (in the case caption). Gharb, however, did not file the Amended Complaint with the Court until February 8, 2011. And the Summons was issued for SESA on July 20, 2011, more than six months after Gharb alleged service and well outside the 120 day window permitted under Federal Rule of Civil Procedure 4(m). Accordingly, the Court agrees with Defendant. Gharb failed to show that he effectuated proper service on SESA or any of the other Defendants listed in the case heading.

**STATEMENT**

    **C.**    **Failure to State a Claim upon Which Relief May Be Granted**

SESA argues that Gharb's Amended Complaint fails to state a claim upon which relief may be granted and thus should be dismissed pursuant to Rule 12(b)(6). The Court agrees. In accordance with the Court's November 8, 2011 Order [220] in *Gharb v. Rockwell Automation*, 11-cv-405—a nearly identical case—Gharb has utterly failed to state a short and plain statement of the claim showing that he is entitled to relief. Fed. R. Civ. P 8(a); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *EEOC v. Concentra Health Servs. Inc.*, 496 F.3d 663, 667 (7th Cir. 2007). Just as in *Gharb v. Rockwell Automation*, Gharb's complaint here falls well short of even the most basic pleading requirements.

Notably, the Federal Circuit has rejected a strikingly similar claim by Gharb. See *Unitronics Ltd. v. Gharb*, 318 Fed. Appx. 902 (Fed. Cir. 2008). In *Unitronics*, the Federal Circuit found that "Gharb appears to believe that any PLC that is able to communicate over the GSM network infringes his patent, because part of his patent discloses PLCs communicating over GSM. Gharb's belief, however, is premised on an incorrect understanding of the law." *Id*. at 904. Gharb's complaint here is premised on the same incorrect understanding of the law. Accordingly, Defendant's motion to dismiss Gharb's complaint pursuant to Rule 12(b)(6) is granted.

**III.**    **Conclusion**

For the foregoing reasons, and in accordance with this Court's Opinion in *Gharb v. Rockwell*, 11-cv-405 [220], Defendant's motion to dismiss [13] is granted. Ordinarily, the Court would not enter a dismissal order with prejudice without first affording Plaintiff an opportunity to cure any pleading or service defects. However, in this instance, any attempt to replead against SESA or any other Defendants would be futile in light of (1) the Federal Circuit's decision in *Unitronics,* (2) Plaintiff's failure to heed the Federal Circuit's explicit guidance in that case, and (3) this Court's ruling in *Gharb v. Rockwell Automation*. Accordingly, this case is dismissed with prejudice.